1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

7

8

9

10

11

CHADWICK JOHNSON, *et al.*,

Plaintiffs,

v.

D3 INVESTMENTS, LLC, *et al.*,

Defendants.

Case No. 2:24-cv-00372-RFB-EJY

**ORDER**

12

13

## I.    INTRODUCTION

14

Before the Court is Defendants' Emergency Motion to Expunge Lis Pendens. ECF No. 7.

15

16

## II.    PROCEDURAL BACKGROUND

17

18

19

On February 22, 2024, Plaintiff's filed the operative Complaint initiating this case. ECF No. 1. On February 23, 2024, Plaintiffs filed a Notice of Lis Pendens. ECF No. 4. On March 4, 2024, the Defendants filed the present Emergency Motion to Expunge Lis Pendens. ECF No. 7.

20

21

## III.    LEGAL STANDARD

22

23

24

25

26

A motion to expunge lis pendens is governed by state law. See Orange County v. Hongkong & Shanghai Banking Corp., 52 F.3d 821, 827 (9th Cir. 1995) ("California's lis pendens scheme provides detailed procedures and standards to be followed by the district court …."); see also Adamian v. Am. All. Capital Grp. (In re Adamian), No. 98-55610, 1999 U.S. App. LEXIS 31856 (9th Cir. Dec. 2, 1999).

27

28

"The doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing." Weddell v. H2O, Inc., 271 P.3d 743, 751 (Nev. 2012) (citing

1  Nev. Rev. Stat. § 14.010(3)).

2  NRS § 14.010(1) allows for a lis pendens to be filed when there is an action, "affecting the

3  title or possession of real property..." NRS § 14.015(2) requires that the party who recorded the

4  notice of pendency of the action must establish five factors to the court's satisfaction: (1) the action

5  is for the foreclosure of a mortgage upon the real property described in the notice or affects the

6  title or possession of the real property described in the notice, (2) the action was not brought in

7  bad faith or for an improper motive, (3) the recording party will be able to perform any conditions

8  precedent to the relief sought in the action insofar as it affects the title or possession of the real

9  property, (4) the recording party would be injured by any transfer of an interest in the property

10  before the action is concluded, and (5) the recording party has a likelihood of prevailing in the

11  action or a fair chance of success on the merits. See NRS § 14.015(2)-(3).

12  If the court finds that the party who recorded the notice of pendency of the action has failed

13  to establish any of the matters required by subsection (2), the court shall order the cancellation of

14  the notice of pendency and shall order the party who recorded the notice to record with the recorder

15  of the county a copy of the order of cancellation. The order must state that the cancellation has the

16  same effect as an expungement of the original notice. NRS § 14.010(1).

17

18  **IV.    DISCUSSION**

19  The Court reviews the five factors necessary to maintain a lis pendens, in turn.

20  a.  Factor One

21  In a recent decision, the Nevada Supreme Court considered whether a creditor's claim

22  seeking avoidance of a fraudulent transfer of real property under Nevada's Uniform Fraudulent

23  Transfer Act could support a lis pendens, even though the creditor did not claim an interest in the

24  property. Tahican v. Eighth Judicial Dist. Court of Nev., 523 P.3d 550 (Nev. 2023). Instead, the

25  creditor sought to transfer title back to the debtor. The court held that a lis pendens is not limited

26  to actions in which the plaintiff claims an ownership or possessor  interest in the property. Id. at

27  551. The court clarified that the recording party must show "entitle[ment] to relief affecting the

28  title or possession of the real property," not entitlement to the actual title. Id. at 554. It concluded

- 2 -

1    that a fraudulent transfer claim seeking avoidance of the transfer of real property is one affecting

2    the title or possession of real property. Id.

3         Plaintiffs' Complaint puts forth a fourth cause of action for unjust enrichment. Their

4    allegations allege that fraudulently acquired funds were used to purchase the Subject Property and

5    assert a claim for title to the property. The Court does not find that the Plaintiffs have sufficiently

6    established entitlement to relief based upon this allegation. In this case, Plaintiffs allege funds that

7    were improperly obtained have been used to purchase a property. The Court finds this is

8    insufficient to show relief affecting real possession of a property.  Accordingly, the Plaintiffs fail

9    to establish this first factor.

10              b.   Factor Two

11        Plaintiffs' Complaint alleges a connection between fraudulently obtained funds and the

12   Subject Property. The Court does not find evidence of bad faith. Accordingly, the Plaintiffs

13   establish this second factor.

14              c.   Factor Three

15        The Plaintiffs attest that they can perform any conditions precedent to the relief sought.

16   There is currently no condition precedent noted on the record. Accordingly, the Plaintiffs establish

17   this third factor.

18              d.   Factor Four

19        The Plaintiffs assert that if the Subject Property is sold and the sale proceeds are disbursed

20   to the Defendant Dunlaps then Plaintiffs will be without a means of acquiring their funds. Plaintiffs

21   do not provide substantive reasoning for this assertion. It is unclear, and unexplained, why the

22   funds would be unavailable to the Plaintiffs in cash versus in the value of a property. Accordingly,

23   the Plaintiffs fail to establish this fourth factor.

24              e.   Factor Five

25        The Plaintiffs have provided an unpersuasive argument regarding their likelihood to prevail

26   in the action. Their opposition motion merely asserts that the Defendants have yet to proffer a

27   coherent explanation as to what has happened with the allegedly fraudulently obtained funds. This

28   does not provide the relevant information required. Accordingly, the Plaintiffs fail to establish this

fifth factor.

For the foregoing reasons, the Court finds that the Plaintiff has not established all of the factors necessary to maintain the lis pendens.


**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that the [ECF No. 7] Emergency Motion to Expunge Lis Pendens is **GRANTED**.


**DATED:** March 22, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**