Louis Schneider
Nevada Bar Number 9683
Law Office of Louis Schneider
711 South 9th Street
Las Vegas, NV 89101
Tel: (702) 435-2121
Email:  lcslawllc@yahoo.com

Michael Machat, Esq.
California State Bar Number 109475
*pro hac vice granted*
8730 W. Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com

Attorneys for Plaintiffs
Chadwick Johnson, Mindful Injury Law, PC
and Ana Arriaga

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHADWICK JOHNSON, MINDFUL INJURY LAW, PC AND ANA ARRIAGA,<br><br>Plaintiff,<br><br>v.<br><br>D3 INVESTMENTS, LLC, CHARLES DUNLAP, and DANIELLE DUNLAP,<br><br>Defendants. | Case Number: 2:24-cv-00372-RFB-EJY<br><br>**EMERGENCY - EX PARTE APPLICATION FOR WRIT OF ATTACHMENT WITHOUT NOTICE** |

This Emergency *Ex Parte* Application is made and based upon N.R.S. 31.017, the pleadings and papers on file herein, the following Points and Authorities, the exhibits referenced herein, and any oral arguments requested by this Court.

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As the Declaration of Chadwick Johnson makes clear, this case is about Defendants fraudulent inducement of Plaintiffs to part with more than $300,000 of their hard-earned money, through lies and deceit, i.e., theft or larceny.

Tellingly, after being accused of theft in Plaintiffs' complaint and opposition to Defendants' Application to Expunge the Lis Pendens, Defendants continue to ignore the accusations of fraud and deceit.   By refusing to deny the illegal theft of Plaintiffs monies, Defendants concede their unlawful and illegal conduct[1].

Instead of denial of wrongdoing, Defendants argue that Plaintiffs have chosen an incorrect remedy, and instead, Defendants argue, Plaintiffs should request a writ of attachment.  See Dkt. No. 7 at p. 8 and Dkt. No. 23 at p. 7.  Accordingly, Plaintiffs are now filing this Application for a Writ of Attachment without notice as suggested by Defendants.

## II.   LEGAL ARGUMENT

**A. The Court Should Order a Writ of Attachment To Be Issued Without Notice Pursuant To N.R.S 31.017(3), N.R.S 31.017(5) and N.R.S 31.017(6)**

"Attachment proceedings are purely statutory, and recourse to the statutes must be had in ascertaining the rights granted in this state." *Johnson v. Fong,* 62 Nev. 249, 255 (1944).  "Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." *Kemp Bros. Constr., Inc. v. Titan Elec. Corp.,* 146 Cal.App.4th 1474, 1476, 53 Cal.Rptr.3d 673 (2007).

N.R.S 31.017(3) allows the Court to order a writ of attachment to be issued

---

[1] Indeed, Defendant Dunlap faces a legal quagmire, and if questioned in Court about his conduct, he would need to assert the 5th Amendment, and if he doesn't, ultimately, he would be found guilty of perjury.   This is not a matter of a deal gone wrong, where money was invested into a venture that failed.  Instead, the allegations are the money never went where intended.

without notice in an action for the recovery of the value of personal property where such personal property is owned by the plaintiff and has been taken or converted by the defendant without the consent of the plaintiff.   This is one of those cases.

The Nevada Supreme Court has defined conversion "as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Blige v. Terry,* 540 P. 3d 421, 431 (2023) citing *Wantz v. Redfield* 193 P.3d 536, 538-39 (2008).

"The effect of the act is critical to conversion, not the converter's intent, and thus conversion is sufficiently shown when an owner is deprived of their property by the wrongful act of another who assumes dominion over the property. *See Studebaker Bros. Co. of Utah v. Witcher*, 44 Nev. 442, 462, 195 P. 334, 340 (1921). However, conversion must "be essentially tortious," meaning it must be an unlawful act. *Wantz*, 74 Nev. at 198, 326 P.2d at 414 (internal quotation marks omitted)."*Blige, Id.*

This is a case of conversion, as well as fraud, unjust enrichment and breach of contract.   Plaintiffs gave Defendants their money to make bridge loans to others; not to buy a house. Defendants have not disputed any of the tortious acts, and the Declaration of Plaintiff Chadwick Johnson attests to it.  Thus, a writ of attachment is appropriate.

**1. The Facts of This Matter Support the Need For A Writ Of Attachment to be Issued Without Notice**

In this case, Plaintiffs are seeking to recover the moneys advanced to Defendants that was wrongfully misappropriated by Defendants.  The money was supposed to be used for making bridge loans pursuant to which Plaintiffs would obtain a high rate of interest.  Instead, Defendants used the money for their own personal interests.

Defendants claim they gave the money to Mark Sawyer and that it got mixed up with other monies tied up with some criminal activity of others. (Please see Exhibit 4 attached to the Chadwick Johnson Declaration filed as Dkt. No. 20-4 which gives some farfetched excuse about monies being tied up due to criminal activity of others.) Yet, when investors similarly situated with Plaintiffs asked for details, no details and no attempt at a coherent explanation came forward. Please see Defendants' Zoom invitation sent to Plaintiffs (Dkt. No. 20-5) and the Zoom video on the thumb drive previously submitted to the Court. Dkt No. 22.

As Defendants say in their motion to expunge the Lis Pendens on the Tapadero Property, Defendants have a buyer wanting to buy the property and want to close escrow on March 25, 2024. If they close and the proceeds leave escrow and go to Defendants, Plaintiffs will lose any opportunity to collect their money.

Defendants say in their papers that they will be in breach of contract if the sale of the property does not close. Dkt. No. 7, page 10. The simple solution is for this Court to attach the property and/or funds placed in escrow if the sale of the property goes through. That way, the Dunlaps will not be in default of an agreement to sell the property, and the funds needed to repay Plaintiffs will be frozen by the attachment.

**2. In addition to N.R.S 31.017 being applicable because of Defendants' conversion, N.R.S 31.017.5 applies too, because if the property is not attached, Defendants' have no means to pay the money they owe Plaintiffs.**

N.R.S.31.017.5 provides an attachment without notice to the defendant is permitted:

> Where the defendant is about to give, assign, hypothecate, pledge, dispose of or conceal the defendant's money or property or any part thereof and the defendant's money or property remaining in this State or that remaining unconcealed will be insufficient to satisfy the plaintiff's claim.

Defendants admit they seek to sell the house, which in effect disposes of Plaintiffs' monies. As the Johnson Declaration makes clear, Defendants have no

other means to pay back the money that was entrusted to Charles Dunlap. See Johnson Decl ¶¶18 -21, 29-30 at Dkt No. 20.

N.R.S.31.017.5 gives this Court authority to attach the funds in escrow.

**3. This Court should also issue an attachment pursuant to N.R.S 31.017(6) because Defendants are guilty of larceny.**

N.R.S.31.017.6 specifies an attachment without notice to the defendant is permitted:

> In an action for the recovery of money or property, or the proceeds thereof, obtained from the plaintiff by the defendant through embezzlement, <u>forgery</u>, larceny or extortion.

As discussed throughout Plaintiffs' Opposition to Defendants' motion to expunge the Lis Pendens, Defendants stole Plaintiffs' money. The word "stole" or "stolen" appears 13 times in a 9 page brief. Defendants' reply is simply that's beside the point, because the Plaintiffs have chosen the wrong remedy, and they do not want to take the time to deny the theft.

Defendants' refusal to deny the allegations of theft constitutes an adoptive admission. In the context of homicides, "Where a party is confronted with an accusatory statement that a reasonable person would challenge under the circumstances, and the party remains silent or responds equivocally, the accusation and the reply may be admissible on the theory that the party's response amounts to an admission of the truth of the accusation." *40A Am. Jur. 2d Homicide* § 325. This is certainly no homicide case, it is a case of larceny. Yet, surely one accused of theft repeatedly would deny it, if it weren't so.

### III. CONCLUSION

Plaintiffs submit that the facts before the Court justify this Court either attach the property subject to the Lis Pendens or that it attach $350,000 of the funds in escrow which would permit the Plaintiffs to recover the monies owed to them. Plaintiffs therefore respectfully request the Court order a writ of attachment to be issued without notice

pursuant to N.R.S. 31.017(3), N.R.S. 31.017(5) and/or N.R.S. 31.017(6)

DATED this 28th day of March 2024.

> By: /s/Louis Schneider
> Louis Schneider
> Nevada Bar Number 9683
> Law Office of Louis Schneider
> 711 South 9th Street
> Las Vegas, NV 89101
> Tel: (702) 435-2121
> Email: lcslawllc@yahoo.com
>
> Michael Machat (CA SBN 109475)
> *(pro hac vice granted)*
> 8730 W. Sunset Blvd., Ste. 250
> West Hollywood, CA 90069
> Tel: (310) 860-1833
> Email: Michael@machatlaw.com
>
> Attorneys for Plaintiffs