UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHADWICK JOHNSON, *et al.*, | Case No. 2:24-cv-00372-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| D3 INVESTMENTS, LLC, *et al.*, | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court is Plaintiffs' Ex Parte Application for Writ of Attachment and Emergency Ex Parte Application for Writ of Attachment. ECF Nos. 25, 26. For the following reasons, the Emergency Ex Parte Application for Writ of Attachment is denied.

### II.   PROCEDURAL BACKGROUND

On February 22, 2024, Plaintiff's filed the operative Complaint initiating this case. ECF No. 1. On February 23, 2024, Plaintiffs filed a Notice of Lis Pendens. ECF No. 4. On March 4, 2024, the Defendants filed an Emergency Motion to Expunge Lis Pendens. ECF No. 7. On March 22, 2024, this Court granted the Emergency Motion to Expunge Lis Pendens. ECF No. 24. On March 22, 2024, the Plaintiffs filed an Ex Parte Application for Writ of Attachment. ECF No. 25. On March 28, 2024, the Plaintiffs filed an Emergency Ex Parte Application for Writ of Attachment. ECF No. 26.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 64 provides that state law pre-judgment remedies, such as attachment, are available in federal court to secure the satisfaction of a potential judgment. Fed. R. Civ. P. 64. The availability and application of these prejudgment remedies in federal court are

governed by the law of the state wherein the district court is located. Id. Nevada law permits attachment as a pre-judgment remedy. NRS § 31.010. This remedy allows a creditor to acquire a lien on the debtor's assets until the final adjudication of the claim at issue in the case. See Cal. Splendor, Inc. v. V.J. Catalano, Inc., No. 14-cv-893-GPC-RBB, 2014 U.S. Dist. LEXIS 58076 (S.D. Cal. Apr. 25, 2014). A plaintiff is permitted to apply to the court for an order directing the clerk to issue a writ of attachment and thereby cause the property of the defendant to be attached as security for the satisfaction of any judgment that may be recovered unless the defendant gives security to pay such judgment. NRS § 31.010.

The statute details the circumstances in which a writ may be issued without notice. NRS § 31.017. One such circumstance is in an action for the recovery of the value of personal property, where such personal property is owned by the plaintiff and has been taken or converted by the defendant without the consent of the plaintiff. NRS § 31.017(3). Additionally, all applications for a writ of attachment without notice are required to include a detailed affidavit of the plaintiff or of any other person having personal knowledge of the facts. NRS § 31.020. The affidavit must clearly indicate the nature of plaintiff's claim for relief and that the same is valid; the amount which the affiant believes the plaintiff is entitled to recover from the defendant; and the facts which show the existence of any one of the grounds for attachment without notice described in reasonable and clear detail among other requirements. Id. A conclusory affidavit, however, provides no basis for a court to issue a writ of attachment. Paramount Insurance v. Rayson & Smitley, 472 P.2d 530 (Nev. 1970).

### IV. DISCUSSION

The Plaintiffs allege that their personal property was taken or converted by the Defendant without the consent of the Plaintiffs. See NRS § 31.017(3). The Plaintiffs also attests that the Defendant is about to sell a property through which it will dispose of the Plaintiffs' money. See NRS § 31.017(5). The Plaintiff further alleges that the Defendant committed forgery. See NRS § 31.017(6).

The Court reviews the factors necessary for an affidavit supporting a writ of attachment, in turn. The affidavit is submitted by Mr. Michael Machat, an attorney for the Plaintiffs.

### a. Requirement of NRS § 31.020(1)(a)

The supporting affidavit must clearly set forth the nature of the plaintiff's claim for relief and that the same is valid. The Court finds that this requirement has not been met. See NRS § 31.020(1)(a). The affidavit states that the Defendants "have taken Plaintiff's motion by false pretenses, and only a few weeks after Plaintiff Chadwick Johnson transferred his funds to Defendants, Defendants bought a house at 84 Tapadero Lane …." This statement does not clearly explain to the Court the nature of the plaintiff's claim for relief.

### b. Requirement of NRS § 31.020(1)(b)

The supporting affidavit must set forth the amount which the affiant believes the plaintiff is entitled to recover from the Defendant. See NRS § 31.020(1)(b). While the application requests attachment to the $350,000 in escrow funds, the affidavit does not. This is insufficient. Accordingly, this requirement is not met.

### c. Requirement of NRS § 31.020(1)(c)

The supporting affidavit must describe in reasonable and clear detail all the facts which show the existence of any one of the grounds for an attachment without notice to the Defendant. See NRS § 31.020(1)(c). The Court finds no reasonable and clear details to support this requirement. Accordingly, this requirement is not met.

### d. Requirement of NRS § 31.020(1)(d)

The supporting affidavit must describe in reasonable detail the money or property sought to be attached and the location thereof if know. See NRS § 31.020(1)(d). The affidavit asserts that the Plaintiffs and counsel "fear that if the proceeds from the sale of the house at 84 Tapadero Lane are not frozen, Plaintiffs will never see a penny from Defendants." The affidavit reasonably identifies the property to be attached. Accordingly, this requirement is met.

### e. Requirement of NRS § 31.020(1)(e)

The supporting affidavit must set forth to the best knowledge and information of the affiant, the value of the property sought to be attached less any prior liens or encumbrances. See NRS § 31.020(1)(e). The affidavit does not address this requirement at all. Accordingly, this requirement is not met.

      **f.    Requirement of NRS §31.020(h)**

The supporting affidavit must state whether, to the best information and belief of the affiant, the money or property sought to be attached is exempt from execution. The affidavit does not address this whatsoever. Accordingly, this requirement is not met.

As all of the requirements of NRS § 31.0202 have not been met, this motion is denied.

### V.    CONCLUSION

**IT IS THEREFORE ORDERED** that the [ECF No. 26] Emergency Application for Writ of Attachment is **DENIED**.

**IT IS FURTHER ORDERED** that the [ECF No. 25] Application for Writ of Attachment is **DISMISSED** as it is a duplicate.

**DATED:** June 27, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**