UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHADWICK JOHNSON, *et al.*, | Case No. 2:24-cv-00372-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| D3 INVESTMENTS, LLC, *et al.*, | |
| Defendants. | |
| D3 INVESTMENTS, LLC., *et al.,* | |
| Third-Party Plaintiffs, | |
| v. | |
| MARK ANTHONY SAWYER, | |
| Third-Party Defendant. | |

### I. INTRODUCTION

Before the Court is Third-Party Defendant Mark Anthony Sawyer's Motion to Dismiss. ECF No. 38. For the following reasons, the Motion to Dismiss is denied.

### II. PROCEDURAL BACKGROUND

The Court recites procedural history relevant to the instant motion.

On February 22, 2024, Plaintiffs filed the operative Complaint initiating this case. ECF No. 1. On July 12, 2024, Defendants D3 Investments, LLC, Charles Dunlap, and Danielle Dunlap filed an answer to the operative Complaint and a Third-Party Complaint against Third-Party Defendant Mark Anthony Sawyer. ECF No. 28. On November 12, 2024, Mr. Sawyer filed a Motion to Dismiss. ECF No. 38.

The Court's Order follows.

## III. FACTUAL BACKGROUND

The Court provides facts relevant to the instant motion.

Third-Party Plaintiff's Charles Dunlap, and Danielle Dunlap are married individuals residing in Las Vegas, Nevada. Mr. and Mrs. Dunlap own a Nevada limited liability company, Third-Party Plaintiff D3 Investments, LLC. ("D3"). Third-Party Defendant Mark Anthony Sawyer is a resident of Las Vegas, Nevada. Before the facts and circumstances of the underlying first-party lawsuit, Mr. Sawyer presented Mr. Dunlap with opportunities to invest in high-interest, short-term bridge loans. In 2021, Mr. Dunlap and D3 presented the bridge loan opportunities to First-Party Plaintiffs ("Plaintiffs") on behalf of Mr. Sawyer. Subsequently, Plaintiffs invested in projects sourced by Mr. Sawyer.

When the first short-term loan was due, Mr. Sawyer presented new loan opportunities for which Plaintiffs could "roll-over" their investments and receive a higher rate of return. Plaintiffs continued to invest with D3 and "roll-over" their investments from 2021 – 2024. When pressed for payment, Third-Party Plaintiffs, Mr. and Mrs. Dunlap and D3, claimed they did not have the money. Suspecting they had fallen victim to a fraudulent scheme, First-Party Plaintiffs filed the instant lawsuit against Third-Party Plaintiffs alleging claims of (1) Breach of Contract; (2) Fraudulent Inducement by False Pretenses; (3) Conversion; and (4) Unjust Enrichment.

Subsequently, Third-Party Plaintiffs filed a Third-Party Complaint against Mr. Sawyer alleging (1) Indemnity; and (2) Contribution. Third-Party Plaintiffs allege that they are victims of misrepresentations made by Mr. Sawyer and assert that Mr. Sawyer is actively at fault for the claims raised in Plaintiffs' Complaint.

## IV. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

1   are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

    To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

    V.    DISCUSSION

    The Third-Party Complaint asserts causes of action for indemnity and contribution. In his Motion to Dismiss, Third-Party Defendant Mr. Sawyer asserts that because he is a Nevada resident, and Third-Party Plaintiffs are also Nevada residents, the Third-Party Complaint should be dismissed because it destroys diversity jurisdiction.

    District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). See City of Chi. v. Int'l College of Surgeons, 522 U.S. 156, 165 (1997). Accordingly, where jurisdiction over a third-party claim is in question, the proper inquiry is whether ancillary jurisdiction exists, that is whether the claims arise out of the subject matter of the original action and involve the same parties and issues, or if they arise out of the same transaction or occurrence. Burke v. Ernest W. Hahn,

Inc., 592 F.2d 542, 545 (9th Cir. 1979) (citation omitted). Where an indemnity claim is ancillary to an underlying action, no independent basis of jurisdiction need be asserted. Glens Falls Indem. Co. v. United States, 229 F.2d 370, 374 (9th Cir. 1955). Furthermore, diversity jurisdiction is not destroyed when a third-party defendant is joined who would not have destroyed diversity had he been originally joined as a codefendant. Nevada Eighty-Eight, Inc. v. Title Ins. Co., 753 F. Supp. 1516, 1521 (D. Nev. 1990).

As a threshold matter, the Court finds that it has original jurisdiction under 28 U.S.C. § 1332 because (1) the First-Party Plaintiffs are diverse from the First-Party Defendants; and (2) the amount in controversy exceeds $75,000. Next, the Court examines the nature of the third-party claims. In this instance, the indemnity and contribution causes of action raised by Third-Party Plaintiffs against Mr. Sawyer arise out of the subject matter of the original action and involve the same parties and issues. Thus, ancillary jurisdiction exists.

First-Party Plaintiffs brought this suit against Third-Party Plaintiffs for their alleged role in a fraudulent investment scheme. Third-Party Plaintiffs assert that the investment opportunities at issue were sourced by Third-Party Defendant Mr. Sawyer. Furthermore, Third-Party Plaintiffs contend that they relied on representations made by Mr. Sawyer when communicating information about the investment opportunities to First-Party Plaintiffs. Therefore, while it is currently unknown whether Mr. Sawyer made false representations, his liability to Third-Party Plaintiffs is directly connected to the merits and final outcome of First-Party Plaintiffs' claims in this action. Additionally, First-Party Plaintiffs are residents of California and First-Party Defendants, and Mr. Sawyer are residents of Nevada. Therefore, had Mr. Sawyer initially been included as a Defendant the Court's diversity jurisdiction over this matter would not have been destroyed. Thus, the Court finds that its jurisdiction over this action is proper and denies the instant Motion to Dismiss.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the [38] Motion to Dismiss is **DENIED**.

**DATED:** September 25, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**